UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH RUTH SPICELAND,

    Plaintiff,

vs.                                        CASE NO. 3:12-cv-226-J-34TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. #2, Application), which the Court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff has made an unsworn affidavit stating under penalty of perjury that the information in the Application is true. For the reasons noted below, the Court finds Plaintiff's motion to proceed *in forma pauperis* is due to be denied without prejudice to filing a paid complaint.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. The Court's decision to grant *in forma pauperis* status is discretionary *(Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, No. 85-C-0005, 1985 WL 1613, at *1 (N.D. Ill. May 28, 1985).[2]

Here, Plaintiff's affidavit of indigency reveals that she has a monthly income of $1,900 (Doc #2 at 1). Plaintiff has no dependents. Plaintiff's average monthly expenses, although significant, do not exceed her monthly income. In addition, Plaintiff has $70,000 equity in her home and owns a 1999 Volvo worth $2,000. Thus, Plaintiff currently has an annual income of approximately $22,800, which is slightly more than double the official poverty guidelines for a family of one, which is $11,170. *See* Annual Update of the HHS Poverty Guidelines, 77 Fed. Reg. 4034-02 (Jan. 26, 2012).

The undersigned finds that the court costs associated with Plaintiff's suit are not beyond her reach and *in forma pauperis* status should be denied. *See Lopez-Ruiz v. Tripler Army Medical Center's Postdoctoral Fellowship in Clinical Psychology*, No. 11-0066-JMS/BMK, 2011 WL 486952 (D. Hawaii Feb. 4, 2011) (denying *in forma pauperis* status where plaintiff had annual income of $21,600 and one dependent); *Williams v. USPS,* No. 3:10-cv-435-WHB-LRA, 2010 WL 3828922 (S.D. Miss. Aug. 10, 2010) (denying *in forma pauperis* status where plaintiff owned valuable assets and received $2,000 in monthly income); *Terry v. Texas Dep't of Criminal Justice*, No. 1:10-cv-50, 2010 WL 1610084 (E.D. Tex. Mar. 25, 2010) (denying *in forma pauperis* status where plaintiff's annual income of $24,000 more than doubled the official poverty guideline for family of one); *Bell v. J.P. Morgan Chase*, No. 8:08-cv-1545-T-30TBM, 2008 WL 4080267 (M.D. Fla. Aug. 28, 2008)

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

(denying *in forma pauperis* status for plaintiff, who was married and had three children, where household income totaled $37,200 a year).

Plaintiff's income should allow her to pay the filing and service fee in order to commence this action without undue hardship if given a reasonable amount of time to tender the requisite amount. *See Williams,* 2010 WL 3828922 (allowing plaintiff ninety days to pay filing fee); *Terry*, 2010 WL 1610084 (same).

Accordingly, it is hereby **RECOMMENDED:**

1. Plaintiff's motion to proceed *in forma pauperis*, as construed from the financial affidavit (Doc. #2), be **DENIED**.

2. Plaintiff should be allowed ninety (90) days to pay the filing fees associated with the instant action. All of the costs associated with the filing of this lawsuit should be paid within ninety days or this case should be dismissed without prejudice.

**DONE AND ENTERED** at Jacksonville, Florida this 9th day of March, 2012.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record